## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALBAMA

In re:  
Jeffrey L. Ellzey  
Vanessa A. Ellzey  
Debtor(s)

CASE NO. 09-32347

CHAPTER 13

## MOTION FOR RELIEF FROM STAY

COMES NOW a Creditor in this cause, JAMES T. GREEN, by and through his undersigned attorney, and respectfully moves this Honorable Court to enter an Order lifting the automatic stay to allow said Creditor to proceed with foreclosure of a home securing the underlying debt. For cause, said party submits the following:

1. Jeffrey L. Ellzey and Vanessa A. Ellzey filed a Petition under Chapter 13 of the United States Bankruptcy Code on August 28, 2009.

2. Movant is the holder of a secured claim against the Debtor, Jeffrey L. Ellzey and Vanessa A. Ellzey, for the balance owed on a single family residence in the amount of $20,404.08.

3. Movant has a valid security interest in, or lien on, the following real property used to secure the repayment of said debt referenced in the instant proceeding:

    Single Family Residence  
    Lot 1, according to the Plat of McElvine and Pace Resubdivision of part of Lots 4, 5, and 6, Westview Gardens, as said Plat appears of record in the office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 9, at Page 13.

4. Debtor has failed to make timely payments and is behind on his post-petition payments in the amount of $749.18.

5. Debtor has failed to maintain adequate insurance coverage required pursuant to the terms of Debtor's Mortgage with Movant and made a part of the record in the instant proceeding in **Claim No. 8.**

6. Movant, as holder of the mortgage, considers his interest in said real property to be threatened by Debtor's failure and refusal to maintain required insurance protection.

7. Movant, as holder of the mortgage, has no reasonable prospects of protection of its interest other than through foreclosure.

8. If the Movant is not permitted to foreclose, he will suffer irreparable injury, loss and damage.

WHEREFORE, Movant further prays that upon final hearing of this Motion for Relief from Stay, the stay be lifted immediately and that the Court further orders that the ten day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply.

**OF COUNSEL:**
**GRAINGER LEGAL SERVICES, LLC**　　BY: /S/ CHARLES E. GRAINGER, JR.
**4220 N. Carmichael Court**　　Charles E. Grainger, Jr. (ASB-6564-G26C)
**Montgomery, AL 36106**　　Attorney for Movant
**Tel. (334) 260-0500**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the Debtor, 1. Jeffrey L. Ellzey and Vanessa A. Ellzey, of 3110 Mace Avenue, Montgomery, Alabama 36108 and the attorney of record for the Debtor, Vonda S. McLeod, Shinbaum, McLeod & Campbell, PC, 566 S. Perry Street P.O. Box 201 Montgomery, AL 36101, by forwarding a copy of the same to said by U.S. Mail, properly addressed with postage prepaid.

Dated this ___ day of September, 2009.

**GRAINGER LEGAL SERVICES, LLC**　　BY: /S/ CHARLES E. GRAINGER, JR.
**4220 N. Carmichael Court**　　Charles E. Grainger, Jr. (ASB-6564-G26C)
**Montgomery, AL 36106**　　Attorney for Movant
**Tel. (334) 260-0500**

STATE OF ALABAMA

# MORTGAGE

COUNTY OF MONTGOMERY

    **KNOW ALL MEN BY THESE PRESENTS,** That whereas, **Jeffrey Lee Ellzey, an umarried individual,** (herein referred to as "Mortgagor") are justly indebted to **James T. Green and Patricia Ann Green** (hereinreferred to as "Mortgagee"), in the principal sum of **Twenty-Seven Thousand and 00/100 Dollars ($27,000.00)** with interest thereon at **ten per centum (10.00%)** per annum, as evidenced by promissory note bearing even date herewith and becoming due and payable on or before February 1, 2016.

    NOW, in order to secure the prompt payment of said note when due, the said Mortgagor, for and in consideration of the premises, and the sum of One Dollar ($1.00) to the undersigned this day in hand paid by the said Mortgagee, the receipt whereof is hereby acknowledged, does hereby **GRANT, BARGAIN, SELL AND CONVEY** unto the said Mortgagee, their heirs and assigns, the following described real estate lying and being situated in the County of Montgomery, State of Alabama, to-wit:

> **Lot 1, according to the Plat of McElvine and Pace Resubdivision of part of Lots 4, 5 and 6, Westview Gardens, as said Plat appears o f record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 9, at Page 13.**

    It is understood and agreed that wherever in this instrument the singular number is used, it applies to the plural if and when necessary and that when the plural is used, the plural likewise applies to the singular if and when necessary.

    Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property.

    **TO HAVE AND TO HOLD** the aforegranted premises, together with the improvements and appurtenances thereunto belonging, unto the said Mortgagee, their heirs and assigns **FOREVER.**

    And said Mortgagor does hereby covenant with the said Mortgagee, their heirs and assigns, that Mortgagor is lawfully seized in fee simple of the aforementioned premises; that they are free from all encumbrances except as hereinabove provided; that Mortgagor will warrant and defend the premises to the said Mortgagee, their heirs and assigns, forever, against the lawful claims and demands of all persons.

    **BUT THIS CONVEYANCE IS MADE UPON THE FOLLOWING CONDITIONS, NEVERTHELESS,** that is to say: If Mortgagor shall well and truly pay, or cause to be paid, the said note, and each and all of them, and each and every installment thereof, and interest thereon, when due, then this conveyance shall become null and void. But should Mortgagor fail to pay said note, or either or any of them, or any installment thereof at maturity, then all of said indebtedness shall become due and payable at once, whereupon the said Mortgagee, their heirs and assigns, personal representatives, agents or attorneys, are hereby authorized and empowered to sell the said property hereby conveyed at auction for cash, at the Montgomery County, Courthouse Door in the City of Montgomery, Alabama, first having given notice thereof for three (3) weeks by publication in any newspaper then published in said City, and execute proper conveyance to the purchaser, and out of the proceeds of said sale the Mortgagee shall first pay all expenses incident thereto, together with a reasonable attorney's fee, then retain enough to pay said note and interest thereon, and any sums advanced by Mortgagee for delinquent taxes, assessments or insurance premiums, and the balance, if any, pay over to the Mortgagor.

    In the event of such sale, the said Mortgagee, their heirs, assigns, personal representatives, agents or attorneys are hereby authorized and empowered to purchase said property the same as if they were strangers to this conveyance, and the auctioneer or person making the sale is hereby empowered and directed to make and execute a deed to the purchaser in the name of the Mortgagor.

And it is also agreed that in case of the Mortgagee herein, their heirs and assigns, see fit to foreclose this mortgage in a court having jurisdiction thereof, Mortgagor will pay a reasonable attorney's fee therefor, which fee shall be and constitute a part of the debt hereby secured.

Mortgagor further represents and declares to said Mortgagee that the title to said real estate is in Mortgagor's own right, and that the representations herein made as to the title and encumbrances are so made with the intent and for the purpose of inducing this loan.

Mortgagor further agrees to keep said property insured against fire and windstorm in good and responsible companies acceptable to Mortgagee for not less than outstanding indebtedness, and have each such policy payable to said Mortgagee, as their interest may appear in said property, and deliver the same to Mortgagee; and should Mortgagor fail to insure said property, the Mortgagee is hereby authorized to do so, and the premiums so paid by Mortgagee shall be and constitute a part of the debt secured hereby.

The Mortgagor herein agrees to pay all taxes and assessments, general or special, levied upon the real estate herein conveyed before the same become delinquent; should Mortgagor fail to pay any of such taxes or assessments, or insure the property, as hereinabove stipulated, the Mortgagee may do so and thereupon declare the whole debt secured by this Mortgage to be due and payable, and proceed to foreclose at once, as hereinabove provided with respect to foreclosure of this mortgage.

If any scheduled payment is in default ten (10) days or more, the Mortgagee may charge and collect, and the Mortgagors hereof shall pay, a charge for servicing said payment equal to five percent (5%) of the amount of such scheduled payment in default, not to exceed One Hundred Dollars ($100.00).

This mortgage shall become due and payable at the option of the Mortgagee if the Mortgagor shall convey said premises or if the title thereto shall become vested in any other party. In the event this mortgage is a second mortgage, as part of the consideration hereof it is understood that a default of the first mortgage shall operate as a default of this mortgage.

**IN WITNESS WHEREOF**, Mortgagor has hereunto set its hand and seal on this the 11th day of January, 2006.

_Jeffrey Lee Ellzey_

| | | |
|---|---|---|
| INDEX | | |
| REC FEE | | $5.00 |
| CERT | | $5.00 |
| MORTGAGE TAX | | $1.00 |
| CHECK TOTAL | | $40.50 |
| 12855 | | $51.50 |
| | | Clerk: RITA 02:55PM |

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

I, the undersigned authority, a Notary Public, in and for said County and State, do hereby certify that Jeffrey Lee Ellzey, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day, that being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal of office on this the 11th day of January, 2005.

NOTARY PUBLIC
My Commission Expires: _____

THIS INSTRUMENT PREPARED BY:
MATTHEW T. ELLIS
PARNELL & CRUM, P.A.
P.O. BOX 2189
MONTGOMERY, ALABAMA 36102
W-39176

STATE OF ALA MONTGOMERY CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
RLPY 03246 PG 0532-0533 2006 Jan 18 02:37PM
REESE MCKINNEY JR.
JUDGE OF PROBATE



Case 09-32347    Doc 18    Filed 10/02/09    Entered 10/02/09 09:38:00    Desc Main
Document    Page 4 of 5

STATE OF ALABAMA

COUNTY OF MONTGOMERY

MORTGAGE NOTE

**FOR VALUE RECEIVED,** the undersigned (Jointly and Severally if more than one) promise (s) to pay to the order of **James T. Green and Patricia Ann Green** the principal sum of **Twenty-Seven Thousand and Zero dollars ($27,000.00)** together with interest on the unpaid balance hereof at a rate of **10.00%** to maturity and payable in the manner described below:

119 equal monthly installments in the amount of $356.81 commencing on the 1st day of March, 2006 and continuing on the same day of each month thereafter with one final installment of outstanding principal and interest becoming due and payable on or before the 1st day of February, 2016.

If any installment is not received within ten (10) days of the due date, it will be subject to a five percent (5.00%) late charge.

This Note may be prepaid at any time without penalty.

If default be made in the payment of any installment under this Note, and if the default is not made good prior to the due date of the next installment, the entire principal and sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of default in the making of any payments herein provided and in the event the whole of said debt is declared to be due, interest shall accrue thereafter at a rate stated above.

Presentment, protest and notice are hereby waived. The drawers and endorsers of this Note also waive the benefit of any homestead, exemption, valuation or appraisement laws as to this debt, and agree to pay all costs of collecting or securing or attempting to collect or to secure this Note, including a reasonable attorney's fee.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS CONTRACT BEFORE SIGNING IT.**

DATED this the 11th day of January, 2006.

_____  _____
WITNESS                           Jeffrey Lee Elizey

_____  _____
WITNESS

W-39176